UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JESSICA AGUIAR,

    Plaintiff,

vs.

WORLD ATLANTIC LEASING, LLC,
a Florida Limited liability company, and
THOMAS ROMERO, individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA:

**PLEASE TAKE NOTICE THAT**, Defendants World Atlantic Leasing, LLC and Thomas Romero, hereby gives notice of removal of an action pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Jessica Aguiar v. World Atlantic Leasing, et al.*, Case No. 14-016893 CA 01, to the United States District Court for the Southern District of Florida being the district and division within which that action is presently pending. As grounds for removal, Defendants state as follows:

    1.    This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a), § 1441(b) and 1446(a).

2. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of Plaintiff's Complaint and all state court process, pleadings, and orders served upon Defendants in the state court civil action.

3. Plaintiff served the Complaint on Defendants, through its registered agent, on July 2, 2014. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendants of a copy of Plaintiff's Complaint.

4. Title 28 U.S.C. § 1441 provides for removal by a defendant of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," without regard to the citizenship of the parties. *See* 28 U.S.C. § 1441(b). Federal question jurisdiction is triggered where a federal question is presented on the face of a plaintiff's complaint. *See, e.g., Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

5. Plaintiff's Complaint alleges a violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Specifically, Plaintiff, who alleges she is a former employee of Defendant, alleges that Defendant failed to pay overtime pay due pursuant to the FLSA.

6. Plaintiff, on the face of his Complaint, seeks relief based upon a claim arising from federal law. Accordingly, this Court would have original jurisdiction of this case under 28 U.S.C. § 1331 and this case is removable from state court pursuant to 28 U.S.C. § 1441(b).

7. Copies of this Notice of Removal and a separate state court Notice of Removal have been filed with the Clerk of the Circuit Court of the 11th Judicial Circuit and served on Plaintiff's counsel.

8. This Notice of Removal is signed by undersigned counsel pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendants gives notice that the above-styled case now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida is removed therefrom to this Court.

Dated: July 31, 2014

Respectfully submitted,

/s/ *Marissa D. Kelley*
Marissa D. Kelley
Florida Bar No. 379300
Email: mkelley@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida  33301
Telephone:  954-462-9500
Facsimile:  954-462-9567
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on this 31st day of July, 2014, on all counsel or parties of record on the Service List below.

/s/ *Marissa D. Kelley*
Marissa D. Kelley

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  (305) 416-5000
Facsimile:  (305) 416-5005
*Attorneys for Plaintiff*

#3660995 v1